# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN WINGARD, on behalf of herself and :
all others similarly situated, :
: Case No. 2:20-cv-30
      Plaintiff, :
:
v. : **Jury Trial Demanded**
:
SELECTION MANAGEMENT SYSTEMS, INC., :
:
SERVE:  155 Tri-County Parkway, Suite 150 :
            Cincinnati, OH 45246 :
:
      Defendant. :

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, Jean Wingard ("Plaintiff"), by counsel, and as for her Complaint against Defendant, Selection Management Systems, Inc. ("Selection.com"), she states as follows:

## PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages, costs, and attorney fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

2. Plaintiff is a victim of the Defendant's substandard data matching procedures and is what has commonly become known as a "mixed file" victim.

3. Specifically, the Defendant falsely reported that Plaintiff was a thief and had jumped bail.

4. When the Plaintiff became aware that the Defendant was publishing false criminal information about her, she requested disclosure of her consumer file from the Defendant to review and determine the source of the inaccurate information. The Defendant thereafter refused

to respond to Plaintiff's request, failed to provide her with the source of the criminal record, and failed to provide her with any of the disclosures or other information mandated by 15 U.S.C. §1681g.

## JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

## PARTIES

6. The Plaintiff is a natural person residing in the Commonwealth of Pennsylvania, and at all times relevant was a "consumer" as defined by 15 U.S.C. §1681a(c).

7. The Defendant, Selection.com, is a corporation headquartered in Cincinnati, Ohio.

8. Selection.com is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

9. Selection.com is regularly engaged in assembling, evaluating, and publishing information concerning consumers to furnish consumer reports to third parties as defined by 15 U.S.C. §1681a(d).

10. The Defendant publishes such consumer reports to third parties under contract for monetary compensation.

## FACTS

11. On or about July 2018, the Plaintiff applied to rent a property with Lutheran Senior Life, for herself and her husband, at Luther Court Apartments, a senior living community.

12. The leasing agent requested the Plaintiff's consumer report through the Defendant's tenant screening resource.

13. The Defendant published a consumer report that included criminal records that did not belong to the Plaintiff.

14. These records include, but are not necessarily limited to, the criminal records of an individual in Georgia with a history of shoplifting and bail jumping.

15. Based upon the Defendant's inaccurate report, Luther Court Apartments rejected the Plaintiff for tenancy.

16. In late August, the Plaintiff requested a copy of her consumer file from the Defendant.

17. The Defendant did not provide the Plaintiff with a copy of her consumer file.

18. The Plaintiff also requested a hearing with Luther Court to dispute the false records, but even after an in-person hearing, the Plaintiff was unable to convince Luther Court to reverse its decision.

19. In September 2018, the Plaintiff again requested a copy of her consumer file from the Defendant.

20. To date, the Defendant has failed to provide any response to Plaintiff's requests for disclosure of her consumer file as mandated by the FCRA.

21. The denial of housing at Luther Court was and continues to be a great detriment to the Plaintiff since she is taking care of her husband, Dewayne Wingard, whose health is in decline.

22. Further, the Plaintiff had been on a waiting list with Luther Court for over two years in order to secure more affordable housing with the option of additional senior in-home services and nursing assistance for herself and her husband.

23. The Defendant's actions in reporting this false and severely derogatory information about her together with its outright refusal to provider her with a copy of her consumer disclosure, caused significant harm to the Plaintiff.

24. For example, the Plaintiff refrained from applying to other rental properties and job opportunities because she was concerned that the criminal misinformation would possibly be reported again, and she would suffer further embarrassment, humiliation, anxiety, stress, and rejection from job and housing opportunities.

25. This misinformation mixed into the Plaintiff's file was due to the Defendant's failure to maintain reasonable procedures to assure the maximum possible accuracy of the consumer reports that it sold for profit.

26. Due to the Defendant's lack of reasonable procedures to assure maximum possible accuracy, the derogatory and mismatched criminal history information included in Plaintiff's consumer report significantly limited and negatively impacted her ability to secure housing for herself and her very ill husband.

27. As a result of the Defendant's conduct, actions, and inaction, the Plaintiff suffered actual damages to include, but not limited to, missed rental and economic opportunities, aggravation, inconvenience, embarrassment, stress, anxiety, and frustration. The Plaintiff also refrained from applying for other rental properties and jobs because of the inaccurate negative reporting by the Defendant.

**COUNT ONE: Individual Claim**
**Violation of 15 U.S.C. § 1681e(b)**

28. The Plaintiff restates each of the allegations in the preceding paragraphs 1 through 27 as if set forth at length herein.

29. The Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

30. Based on the Defendant's alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including, but not limited to, missed rental and economic opportunities, aggravation, inconvenience, embarrassment, stress, anxiety, and frustration. The Plaintiff also refrained from applying for other rental properties and employment opportunities because of the inaccurate negative reporting by the Defendant.

31. The Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

32. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

**COUNT TWO: Class Action Claim**
**Violation of 15 U.S.C. § 1681g**

33. The Plaintiff restates each of the allegations in the preceding paragraphs 1 through 20 as if set forth at length herein.

34. The Defendant failed to provide Plaintiff any response to her written request for a copy of her consumer file, failed to disclose the source of the judgment information contained in her consumer report, and failed to identify each person that procured the Plaintiff's report during the preceding 1-year period, thereby violating 15 U.S.C. 1681g.

**CLASS ACTION ALLEGATIONS**

35. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Plaintiff brings this action for herself and on behalf of a class ("the "Class") defined as follows:

All natural persons residing in the United States (a) who requested their consumer

disclosure from Selection.com, (b) within the two year period preceding the filing of this action and during its pendency, and (c) to whom Selection.com failed to provide a consumer disclosure or a response that included the source of the criminal record information maintained by the Defendant. Excluded from the class definition are any employees, officers, or directors of Selection.com, any attorney appearing in this case, and any judge assigned to hear this action.

*Numerosity*

36. The Plaintiff incorporates her prior allegations and estimates that the Class is so numerous that joinder of all members is impractical.

37. The exact number of the members of the Class is unknown, but it is believed the Class includes hundreds of persons. The exact number and identity of these persons can be determined from the records maintained by Defendant. In many instances, Class Members are either unaware that claims exist or have sustained individual damages too small to justify the costs of bringing suit separately. When aggregated, however, individual damages are large enough to justify this Class Action.

*Commonality*

38. The questions of law and fact common to the claims of each Class Member overwhelmingly predominate over any question of law or fact affecting only individual members of the Class. Questions of law and fact common to the Class include, but are not necessarily limited to, the following:

   a. Whether Defendant failed to provide consumers with clear, accurate, and complete disclosures of the information in their file when requested;

   b. Whether Defendant's practice of failing to provide File Disclosures constitutes violations of 15 U.S.C. § 1681g(a);

   c. Whether Defendant acted willfully;

   d. Whether Plaintiffs and Class Members are entitled to statutory damages; and

  e. Whether Plaintiffs and Class Members are entitled to punitive damages.

### *Typicality*

39. The claims of Plaintiff is typical of the claims of the Class she seeks to represent because at all times material to the allegations of this Class Action Complaint, Plaintiff and the members of the Class she seeks to represent were subject to the same policies, practices, and procedures and seek the same kind of relief.

40. Plaintiffs and the Class she seeks to represent have sustained similar types of damages, and the members of the Class have claims that arise from an identical factual background and identical legal theories.

41. The Plaintiff's claim is typical of those of the Class– Selection.com failed to identify the source of the public records that it published about them.

### *Adequacy of Representation*

42. The Plaintiff will fairly and adequately protect the interests of the Class. The Plaintiff has retained counsel experienced in handling FCRA class actions. Neither the Plaintiff nor her counsel has any interests that might cause them not to vigorously pursue this action. The Plaintiff is aware of her responsibilities to the putative Class and has accepted such responsibilities.

### **Fed.R.Civ. P. 23(b)**

43. Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper. Prosecuting separate actions would create a risk of adjudications that would be dispositive of the interests of the other members who are not parties to the individual adjudications or would substantially impair their ability to protect their interests.

44. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that the Defendant acted on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

45. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   a. As alleged above, the questions of law or fact common to the members of the Class predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelms the more modest individual damages issues. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences of proof in the case.

   b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims are generally ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford to bring such claims individually. Further, most consumers affected by the Defendant's FCRA violation would likely be unaware of their rights under the law, or who they could find to represent them in federal litigation. Additionally, individual litigation of the uniform issues, in this case, would be a waste of judicial resources. The issues at the core of this case are class-wide and should be resolved at one time. A win for one consumer would set the law for every similarly situated consumer.

46. The Defendant's violations were willful, pursuant to 15 U.S.C. § 1681n, or, in the alternative, negligent entitling the Plaintiff and putative class members to recover under 15 U.S.C. § 1681o.

47. As a result of the Defendant's violations, the Plaintiff and the putative Class members suffered damages and are entitled to recover statutory damages, punitive damages, costs, and attorney fees.

## **PRAYER FOR RELIEF**

48. Wherefore, the Plaintiff requests that this Court award actual damages; punitive damages; statutory damages, attorney fees, and costs; and further seeks injunctive relief in the form of an Order requiring the Defendant to provide the consumer file, including the source of the criminal record information to each putative class member that historically requested their disclosure and to continue to provide this information to any individuals that request their disclosure from the Defendant in the future; and any further relief this Court deems just.

**The Plaintiff and putative class members demand a trial by jury.**

Dated:  January 8, 2020                    Respectfully submitted,

                                            Feinstein Doyle Payne & Kravec, LLC

                                            By:  s/James M. Pietz
                                            James M. Pietz, Esquire (PA #55406)
                                            429 Fourth Avenue
                                            Law and Finance Building, Suite 1300
                                            Pittsburgh, PA 15219
                                            Tel: 412-281-8400
                                            Email:  jpietz@fdpklaw.com

                                            Matthew J. Erausquin, Esquire
                                            *(pro hac vice to be filed)*
                                            Consumer Litigation Associates, P.C.
                                            1800 Diagonal Road, Suite 600
                                            Alexandria, Virginia 22314
                                            Tel:  703-273-7770
                                            Email:  matt@clalegal.com

                                            Leonard A. Bennett, Esquire
                                            *(pro hac vice to be filed)*
                                            Consumer Litigation Associates, P.C.

763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA  23601
757-930-3660
Email:  lenbennett@clalegal.com

*Counsel for the Representative And Class Plaintiffs*

Case 2:20-cv-00030-WSS-CRE   Document 1   Filed 01/08/20   Page 10 of 10