IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | | |
|---|---|---|
| JEAN WINGARD, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED; | ) ) ) ) | 2:20-CV-00030-CRE |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| SELECTION MANAGEMENT SYSTEMS, INC.,  VERICHECK, INC.,  XPEDITE WHOLESALE CRIMINAL RESEARCH, | ) ) ) ) | |
| Defendants, | ) ) ) | |

**ORDER**

Presently before this court is a Motion to Amend/Correct Caption filed by Plaintiff Jean Wingard, on behalf of herself and others similarly situated. (ECF No. 82).  For the reasons that follow, the motion is GRANTED.

Relevant to the instant motion, on January 8, 2020, Plaintiff filed a Complaint against Selection Management Systems, Inc.  On August 25, 2020, Plaintiff filed a First Amended Complaint ("FAC"), adding Vericheck, Inc. as a defendant in this matter. (ECF No. 29). According to the FAC, "Defendant Vericheck is a Pennsylvania entity headquartered in Aliquippa." FAC (ECF No. 29) at ¶ 14.  According to the proof of service, a copy of the FAC was served on Patty DiPietro, on behalf of Vericheck, Inc., on September 9, 2020. Return of Service (ECF No. 34).  On October 15, 2020, Attorneys Brian S. Kane, Lyle D. Washowich, and Taylor M. Wantz entered their appearances on behalf of "Defendant Vericheck, Inc." (ECF Nos. 37-39). Defendant Vericheck, Inc. filed an Answer on October 23, 2020. (ECF No. 40).

On March 12, 2021, Vericheck, Inc. filed a motion to dismiss the Plaintiff's complaint, claiming, *inter alia*, that the complaint should be dismissed against it because the complaint names the wrong party. (ECF No. 74).  According to Vericheck, Inc., the proper party is "Patty DiPietro, d/b/a VeriCheck," and Plaintiff, despite having this information, failed to name the proper party prior to the running of the statute of limitations.  Def.'s Br. (ECF No. 75) at 14-15.  In response, Plaintiff filed the instant Motion to Amend/Correct Caption pursuant to Federal Rule of Civil Procedure 15, and brief in support thereof. (ECF Nos. 82, 83).  Vericheck filed a response and brief in opposition (ECF Nos. 88, 89), and the motion is now ripe for disposition.

Federal Rule of Civil Procedure 15 governs amending pleadings and provides the following, in relevant part.

> (1) **When An Amendment Relates Back**.  An amendment to a pleading relates back to the date of the original pleading when:
>
>> (C) the amendment changes the party or the or the naming of the party against whom a claim is asserted, if 15(c)(1)(B)[1] is satisfied and if, within the period provided by Rule 4(m)[2] for serving the summons and complaint, the party to be brought in by amendment:
>>
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. Rule. Civ. Pro. 15(c)(1)(C).

---

[1] This section provides that "[a]n amendment to a pleadings relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[.]" Fed. Rule. Civ. Pro. 15(c)(1)(B).

[2] This section requires service within 90 days.

"It is well settled that the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems. To this end, amendments pursuant to Rule 15(c) should be freely allowed." *Ratcliffe v. Ins. Co. of N. Am.*, 482 F. Supp. 759, 762-63 (E.D. Pa. 1980) (internal quotation marks omitted). Furthermore, courts have stated that "Rule 15(c) should be liberally applied, especially if no disadvantage will accrue to the opposing parties." *Id*. at 763; *see also Travelers Indemnity Co. v. United States,* 382 F.2d 103, 106 (10th Cir. 1967) (stating that the "ends of justice are not served when forfeiture of just claims because of technical rules is allowed").

Courts have interpreted Rule 15(c)(1) has having three requirements: (1) that the claim against the new defendant arose out of the conduct set forth in the complaint; (2) that the new defendant received notice of the claim within 90 days; and (3) the new defendant knew or should have known the claim would be brought against it. *See Godfrey v. Upland Borough*, 246 F.Supp.3d 1078, 1091 (E.D. Pa. 2017).

Instantly, there is no question that the claim against DiPietro is exactly the same as the one set forth against Vericheck, Inc., that DiPietro was properly served, and that she knew or should have known a lawsuit had been brought against her. As the Third Circuit has stated, "[n]otice, which is … required under Rule 15(c)(1), may be imputed to a newly-named defendant where: (1) the newly-named defendant and original defendant are represented by the same counsel; or (2) the newly-named defendant is related to the original defendant such that they share an identity of interest." *Singletary v. Pa. Dept. of Corr.*, 266 F.3d 186, 196 (3d Cir. 2001). "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id*. at 197 (citing 6A Charles A. Wright et al., Federal Practice And Procedure § 1499, at 146 (2d

3

ed.1990)).  In this case, both of the notice-related conditions are met.  Moreover, Defendant has not set forth any way in which she is prejudiced by this motion.

Based on the forgoing, this Court concludes that in the interest of justice, Plaintiff's Motion to Amend/Correct Caption pursuant to Fed. Rule Civ. Pro. 15 is GRANTED, and Patty DiPietro d/b/a VeriCheck shall be substituted for Defendant Vericheck, Inc. The Clerk of Court shall amend the caption of this case accordingly.

DATED this 19th day of April, 2021.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:     Counsel of record
        via ECF filing

4